ADAM ROTTINGER, PLAINTIFF-RESPONDENT, v. ANTHONY FRIEDHOF, IMPLEADED, DEFENDANT-APPELLANT.

Submitted October 7, 1947—Decided January 20, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *John W. McGeehan, Jr.*

For the defendant-appellant, *David Green* and *Samuel Green.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. This is an appeal by the defendant from a judgment for the plaintiff for injuries suffered by the latter as the result of a collision between an automobile driven by the defendant, in which plaintiff was a passenger, and

another automobile at a street intersection in the City of Newark.

Appellant's first point is that the question of whether a passenger in a motor vehicle is a licensee or an invitee is for the court to decide where only a single inference can be drawn from the facts and that the trial court erred in putting the question to the jury, citing *Augustine* v. *Haas,* 121 *N. J. L.* 58. The factual situation upon which that rule rests was not present in this case. Whether or not the presence of plaintiff in the car was the result of a request made by the plaintiff of the defendant or the result of an acceptance by the plaintiff of a standing invitation issued by the defendant was an open question and was properly left by the court to the determination by the jury.

Appellant's second point is that where a jury is required to determine from the facts before it whether a passenger in an automobile is a licensee or an invitee, it is incumbent upon the trial court in charging the jury to explain the legal meaning and significance of the terms "licensee" and "invitee" and that the failure to do so constitutes reversible error. The grounds of appeal do not precisely sustain the point as presented. We shall, therefore, consider the grounds upon which the point is rested and the exceptions out of which the grounds arise. The court charged the jury generally that the question as to whether the plaintiff was an invitee or a mere licensee was to be determined by the jury, that if the plaintiff was an invitee the defendant owed the plaintiff the duty of using reasonable care in the operation of his automobile, and that if the plaintiff was a mere licensee the defendant owed to the plaintiff only the duty of refraining from acts wantonly or willfully injurious. In addition, the court charged defendant's request No. 10 as follows:

"If you find that plaintiff was a mere licensee in automobile of defendant, Anthony Friedhof, and there being no proof of willful injury on the part of defendant, Anthony Friedhof, then, your verdict shall be in favor of defendant, Anthony Friedhof, and against the plaintiff of no cause of action."

There were two further requests on the same subject presented by the defendant. The court refused those requests,

and the refusals were excepted to and, as thus excepted to, constitute the tenth and eleventh grounds of appeal. The second point is rested upon the tenth, eleventh and twentieth grounds. The twentieth ground is that the court "erred in failing to inform the jury what was meant by an invitee and what was meant by a licensee even when specifically requested so to do, to which an exception was duly noted." The twentieth ground is no stronger than the exceptions upon which it rests, and the exceptions are those which are set up in the tenth and eleventh grounds, *supra*.

Thus, we come to the question of whether the court erred in refusing the mentioned requests, which were:

"7. If you find from the evidence that the plaintiff was riding in defendant, Anthony Friedhof's automobile as a result of plaintiff requesting his wife to phone defendant, Anthony Friedhof and ask said defendant to stop for plaintiff and drive him to work, then, under such circumstances, plaintiff is not a guest by invitation, but a mere licensee and defendant, Anthony Friedhof, owed him no duty except to abstain from willful injury."

"8. If you find from the evidence that plaintiff solicited a ride from the defendant, Anthony Friedhof, then, said defendant owed him no duty of care except to abstain from acts willfully injurious."

The court charged the jury upon the law applicable to the case on the assumption that the plaintiff was an invitee; likewise on the assumption that he was a licensee; but not upon what would constitute him or any other person an invitee or a licensee or upon the distinction between those legal expressions from which divergent rights and liabilities issue. In excepting to the refusals to charge counsel said: "I might say this, your Honor, that this jury was left in the balance. They do not know what invitation and license is. That phrase in the charge is just two words." Nevertheless counsel did not request the court to charge on the meaning of the two expressions and did not except to the court's failure to charge thereon. Therefore, the requests must stand or fall by their own content.

The question of licensee or invitee in the pending case is

not to be determined by the narrow use of the words "requesting," "ask" or "solicited" as used in the requests. Only the jury could determine whether the incidents, thus briefly referred to by the quoted words, constituted the plaintiff an invitee or a licensee. There was evidence from which it could be found that the defendant was general manager in a bakeshop which was owned by his sister-in-law and wherein plaintiff was employed, and that defendant had issued a general and standing invitation to the employees to call upon him for transportation when necessary; that plaintiff's automobile was out of repair and that in the emergency plaintiff, by having his wife telephone defendant and ask him to stop and pick up the plaintiff, accepted that standing invitation. It might be, referring to the seventh request, that the jury could find affirmatively all of the factual incidents are related and yet determine that plaintiff was an invitee. So also as to the eighth request. No request is lawfully framed when it artfully uses or omits words so that, by a strict following of the request as phrased, the jury would come to an unlawful result. We conclude, therefore, that the court did not err in refusing to charge the requests.

Appellant's third and final point is that the trial court erred in denying defendant's motion for a nonsuit at the close of plaintiff's case and for motion of directed verdict at the close of the entire case. We find no error in those rulings.

The judgment below will be affirmed.